■ CHRISTOPHER BUTLER et al., Appellants, v JOHN PASSARO et al., Respondents.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated May 5, 1989, as granted that branch of the motion of the defendants Sal Trigona and Pamela Trigona which was for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is affirmed, insofar as appealed from, with costs to the respondents Trigonas.

The plaintiff Christopher Butler, then 11 years old, was injured when he dove off a swimming pool slide into the shallow end of the pool. The pool was located on residential property owned by the defendant Sal Trigona. However, the complaint erroneously alleges that the defendant Pamela Trigona was a co-owner of the property. Sal Trigona leased the property to the defendants John Passaro and Susan Passaro. The lease provided that the Passaros were "responsible for upkeep of pool and motor". The plaintiffs seek damages as a result, among other things, of the defective design of the pool and slide. The Supreme Court granted summary judgment in favor of the Trigonas and we now affirm.

"It is well settled that an owner-lessor 'is not liable in negligence for conditions upon the land after the transfer of possession and control' * * * This rule extends to structural defects in existence when the lessee takes possession" *(Mancini v Cappiello Realty Corp.,* 144 AD2d 154, 155, quoting from *Bellen v Lomanto,* 125 AD2d 905). An owner may be liable, however, for injuries caused by defective or dangerous conditions upon the leased premises if the owner has retained control over the premises *(see, Hecht v Vanderbilt Assocs.,* 141 AD2d 696, 699). Because the maintenance of the pool was the sole responsibility of the Passaros, the Trigonas cannot be held liable to the plaintiffs. Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.