■ ITRI BRICK & CONCRETE CORP. et al., Appellants, v AETNA CASUALTY & SURETY COMPANY, Respondent, et al., Defendants. [643 NYS2d 544]

The IAS Court properly adhered to its prior determination dismissing the complaint, wherein plaintiffs sought a declaration that defendant Aetna was obligated to share with plaintiff State Insurance Fund in the defense, indemnification and/or settlement costs in an underlying action in which an employee of Aetna's insured sought to recover damages for personal injuries. By virtue of the provisions of General Obligations Law § 5-322.1, as amended by the Legislature in 1981, defendant Aetna was not obligated to indemnify plaintiffs, notwithstanding the existence of an indemnity agreement, because the negligence of the promisee of such agreement, general contractor Mars-Normal Terrace, caused, in part, the injuries which were the subject of the underlying action, as reflected in the stipulation of settlement of that action (*see, Brown v Two Exch. Plaza Partners*, 76 NY2d 172, 180; *Vurchio v Kalikow Lincoln Dev. Co.*, 187 AD2d 280, 281; *Dewitt v Pizzagalli Constr. Co.*, 183 AD2d 991, 993-994).

We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Rubin, Nardelli and Tom, JJ.