■ JUAN SANTAMARIA, Respondent, v 1125 PARK AVENUE CORPORATION, Appellant and Third-Party Plaintiff-Appellant, and TOWER BUILDING RESTORATION, INC., Respondent and Third-Party Defendant-Respondent, et al., Defendant. (And a Fourth-Party Action.) [657 NYS2d 20] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered October 26, 1995, which, to the extent appealed from, denied defendant and third-party plaintiff 1125 Park Avenue Corporation's cross-motion for summary judgment on its third-party complaint, unanimously reversed, on the law, with costs and disbursements, and the cross-motion granted. The Clerk is directed to enter judgment in favor of 1125 Park Avenue Corporation dismissing the complaint as against it.

Plaintiff, an employee of a masonry subcontractor, was injured when he fell while descending a ladder on the exterior of a building owned by 1125 Park Avenue Corporation, which had hired third-party defendant Tower Building Restoration, Inc. to perform brick replacement work on the building. The contract between 1125 Park and Tower required the latter to "provide certificates of insurance * * * before start of work naming 1125 Park Avenue Corp. * * * as additional insureds". Minimum coverage in the sum of $5 million was required as to public liability insurance. The contract also contained a broad indemnification agreement in favor of 1125 Park "from any and all claims due to accidents * * * arising out of [the] work, whether such claims are * * * directly or indirectly attributable to [Tower's] work or that of [its] employees, including all subcontractors." It was expressly provided that the indemnification afforded under the agreement was to "be in addition to all other required insurance and indemnifications". When the owner of a cooperative apartment in the building moved for summary judgment dismissing the complaint as to him, 1125 Park cross-moved for summary judgment on its third-party claim for indemnification based upon the indemnification and insurance clauses of its contract with Tower. Opposing the cross-motion in an attorney's affirmation, Tower claimed that its public liability policy did not name as an additional insured 1125 Park, which, by permitting the work to proceed without the requisite insurance coverage, had waived its right to

indemnification. The IAS Court denied the cross-motion holding that, given the fact that 1125 Park was not named as an additional insured on Tower's policy and that 1125 Park nevertheless allowed the work to continue, a triable issue of fact was raised as to whether 1125 Park waived its right to indemnification. We reverse and grant the cross-motion.

The assertion of Tower's attorney that 1125 Park was not named as an additional insured on Tower's policy is uncorroborated by any documentary evidence or any affidavit from a person with first-hand knowledge. No insurance policy or affidavit from a representative of the insurance carrier was tendered in opposition to the cross-motion. Factual allegations contained in an attorney's affirmation are of no probative value on a motion for summary judgment. (*Zuckerman v City of New York*, 49 NY2d 557, 563.) Moreover, the attorney's assertion is contradicted to the extent that the certificate of insurance provided to Tower lists 1125 Park as the certificate holder. Even assuming, however, that 1125 Park Avenue was not named as an additional insured under Tower's policy, as the agreement required, 1125 Park would be entitled to indemnification under the express provisions of the contract. Indemnification agreements, when coupled with a provision allocating the risk of liability to a third party through the use of insurance, are valid and enforceable and do not violate General Obligations Law §§ 5-321, 5-322, 5-322.1, 5-323 and 5-325, which invalidate agreements exempting the promisee from liability for damages for injuries resulting from the promisee's own negligence. (*Kinney v Lisk Co.*, 76 NY2d 215; *Board of Educ. v Valden Assocs.*, 46 NY2d 653; *Hogeland v Sibley, Lindsay & Curr Co.*, 42 NY2d 153). Thus, the contractual obligation to indemnify in the instant case does not depend on proof that 1125 Park was free from negligence. And, since it is undisputed that plaintiff's claim arises out of the work Tower was performing under the contract, Tower is obligated to indemnify 1125 Park, irrespective of whether any negligence on 1125 Park's part contributed to the injury. Of course, if, in fact, Tower failed to procure insurance for 1125 Park, that breach, in itself, would obligate Tower to indemnify 1125 Park. (*Morel v City of New York*, 192 AD2d 428, 429.) To hold otherwise would be to reward Tower for its failure to provide the insurance required by the contract.

Finally, there is no issue of waiver of 1125 Park's contractual right to indemnification since there is no proof that it knew that Tower had failed to provide the coverage required or that 1125 Park did anything to manifest an intention to relinquish

its right under the agreement to assert a claim for indemnification. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed." (*Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968.) Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.