■ COACH SERVICE AMERICA, INC., et al., Respondents, v AGRICULTURAL EXCESS & SURPLUS INSURANCE COMPANY et al., Appellants. [696 NYS2d 892] —In an action, *inter alia*, to recover damages for breach of a contract to procure insurance, (1) the defendant International Bus Services, Inc., appeals, as limited

by its brief, from so much of an order of the Supreme Court, Kings County (Shaw, J.), dated August 10, 1998, as granted the plaintiffs' motion for summary judgment against it to the extent of declaring that International Bus Services, Inc., breached its contractual obligation to procure insurance coverage for the plaintiffs and has a duty to pay any damages the plaintiffs have incurred and will incur including the amount of any judgment or settlement in an action entitled *Barker v Adirondack Transit Lines,* pending in the Supreme Court, Kings County, under Index No. 3557/94, and the amount of legal fees and expenses incurred in defending that action, and (2) the defendant Agricultural Excess & Surplus Insurance Company appeals from the same order.

Ordered that the appeal of the defendant Agricultural Excess & Surplus Insurance Company is dismissed for failure to perfect the same in accordance with the rules of this Court (*see,* 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendant International Bus Services, Inc.; and it is further,

Ordered that the plaintiffs are awarded one bill of costs payable by the defendant International Bus Services, Inc.

The Supreme Court properly concluded that the defendant International Bus Services, Inc. (hereinafter International), breached its obligations under a lease and "Service Agreement" to procure general liability insurance naming the plaintiffs as additional insureds. Contrary to International's contention, the plaintiffs did not waive their right to enforce the insurance procurement provisions of the lease and agreement. International submitted no proof that the plaintiffs were aware of its failure to obtain the required coverage or any proof from which the plaintiffs' intent to relinquish their contractual rights could be inferred (*see, Frank Corp. v Federal Ins. Co.,* 70 NY2d 966; *Santamaria v 1125 Park Ave. Corp.,* 238 AD2d 259).

International's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Altman and Feuerstein, JJ., concur.