■ ELIA PANTALEON, Respondent, v LORIMER MANAGEMENT CORP., Appellant, and PEKING FOOD PRODUCTS CORP., Defendant. (And a Third-Party Action.) (Action No. 1.) ELIA PANTALEON, Plaintiff, v CITY OF NEW YORK, Defendant. (Action No. 2.) [704 NYS2d 311] —In two related actions to recover damages for personal injuries, the defendant Lorimer Management Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated March 31, 1999, as denied that branch of its motion which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to dismiss the complaint in Action No. 1 insofar as asserted against the appellant is granted, and the action against the remaining defendant is severed.

The defendant Lorimer Management Corp. (hereinafter Lorimer) leased a building and an adjoining fenced-in parking lot to the defendant Peking Food Products Corp. (hereinafter Peking). Peking possessed the key to a padlock on the fence, and hence, controlled the entry and exit of vehicles to and from the parking lot. The plaintiff allegedly sustained physical injuries when she slipped on an accumulation of pebbles in the curb "cut-out" which provided access to the parking lot.

Here, the cut-out constituted a special use of the sidewalk by Peking (*see, Noto v Mermaid Rest.,* 156 AD2d 435), and Peking alone had the duty to maintain and repair any dangerous condition that arose in the special use area (*see, Davi v Alhamidy,* 207 AD2d 859). At the time of the accident, Peking was in exclusive possession and control of the special use area (*see, Kaufman v Silver,* 90 NY2d 204), and Lorimer did not benefit from the special use during Peking's tenancy (*see, Lobel v Rodco Petroleum Corp.,* 233 AD2d 369). Additionally, although Lorimer retained the right to reenter the premises to effect repairs, the parties do not allege a specific statutory violation or significant structural or design defect that would have put Lorimer on notice of the allegedly dangerous condition (*see, Stark v Port Auth.,* 224 AD2d 681), and the record is devoid of any evidence demonstrating that Lorimer had actual notice of the alleged defect. Assuming that Lorimer created the alleged dangerous condition before the tenancy existed, once it relinquished control of the special use area to Peking, Lorimer was relieved of any duty to maintain or repair the special use area (*see, Butler v Passaro,* 166 AD2d 548).

For all of these reasons, Lorimer had no duty to repair the

allegedly dangerous condition in the sidewalk, and thus, the Supreme Court should have granted that branch of its motion which was for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against it. Bracken, J. P., Thompson, Sullivan and Krausman, JJ., concur.