■ DAVID JULIANO, Appellant-Respondent, v PRUDENTIAL SECURITIES INCORPORATED, Respondent-Appellant and Third-Party Plaintiff-Appellant, and FOREST ELECTRIC CORP., Respondent, et al., Defendant. HANOVER MOVING COMPANY et al., Third-Party Defendants-Respondents. (And Another Action.) [726 NYS2d 416] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 18, 2000, which, inter alia, upon a jury verdict and pursuant to stipulation, awarded plaintiff damages for personal injuries, including an aggregate sum of $68,000 for past and future pain and suffering, and apportioned liability 60% to defendant Prudential Securities Incorporated, 15% to defendant Forest Electric Corp. and 25% to third-party defendant Hanover Moving Company, and dismissed Prudential Securities' third-party complaint seeking contractual indemnification from third-party defendant Forest Electric, unanimously modified, on the law, to vacate the dismissal of Prudential's third-party claim for contractual indemnification as against Forest Electric and in lieu thereof to award Prudential judgment upon said third-party claim, and the matter remanded for amendment of the judgment in accordance therewith, and, unless Prudential Securities, Forest Electric and Hanover Moving Company, within

30 days of service of a copy of this order with notice of entry, stipulate to increase plaintiff's award for past and future pain and suffering to an aggregate sum of $200,000, and to entry of an amended judgment in accordance therewith, said judgment further unanimously modified, on the facts, to vacate the award of damages for past and future pain and suffering and to remand for a new trial solely as to such damages, and otherwise affirmed, all without costs.

Plaintiff, an employee of subcontractor moving company Hanover, was injured when he fell while moving boxes into a computer room at Prudential's premises. Prudential had hired Forest Electric to dismantle the floor of the computer room, in preparation for Prudential's move to another location. Plaintiff was injured when the floor tile upon which he stood shifted, causing him to slide, and in the course of sliding, to tear the medial meniscus of his right knee. Thereafter, he underwent two arthroscopic procedures.

The jury's failure to make any award of damages for loss of future earnings and fringe benefits was not against the weight of the evidence since the trial evidence, including the testimony of Prudential's medical expert to the effect that, even if the accident had not occurred, plaintiff's pre-existing osteoarthritis would soon have ended his career as a mover, permitted the jury to resolve fairly the issue of plaintiff's entitlement to damages for future earnings and benefits as it did (*see, Nicastro v Park*, 113 AD2d 129, 134). We find, however, that the jury's award of only $68,000 for pain and suffering attributable to plaintiff's injury, a torn meniscus that required two arthroscopic surgeries, did deviate from reasonable compensation to the extent indicated.

Prudential's assertion that the jury's apportionment of liability is unsupportable as a matter of law is untenable in view of the trial evidence demonstrating that Prudential had direct supervision and control of activity in the course of which plaintiff fell and sustained injury (*cf., Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633).

There is, however, merit to Prudential's contention that the court erred in applying General Obligations Law § 5-322.1 to bar its third-party claim for contractual indemnification as against Forest Electric. Because the contractual indemnification provision at issue was coupled with a provision allocating the risk of loss through the use of insurance, it was valid and enforceable and did not violate General Obligations Law § 5-322.1 (*Santamaria v 1125 Park Ave.*, 238 AD2d 259, 260).

We have reviewed the parties' remaining arguments for af-

firmative relief and find them unavailing. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ. [Recalled and vacated, 287 AD2d 260.]