■ David Juliano, Appellant-Respondent, v Prudential Securities Incorporated, Respondent-Appellant, and Forest Electric Corp., Respondent, et al., Defendant. Prudential Securities Incorporated, Third-Party Plaintiff-Appellant, v Hanover Moving Company et al., Third-Party Defendants-Respondents. [731 NYS2d 142] —Judgment, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about January 18, 2000, which, *inter alia*, upon a jury verdict and pursuant to stipulation, awarded plaintiff damages for personal injuries, including an aggregate sum of $68,000 for past and future pain and suffering, and which apportioned liability 60% to defendant Prudential Securities Incorporated, 15% to defendant Forest Electric Corp. and 25% to third-party defendant Hanover Moving Company, dismissing the third-party complaint of Prudential Securities seeking contractual indemnification from third-party defendant Forest Electric, unanimously modified, on the facts, to the extent of vacating the award of damages for past and future pain and suffering and remanding the matter for a new trial solely as to such damages, unless

Prudential Securities, Forest Electric and Hanover Moving Company, within 30 days of service of a copy of this order with notice of entry, stipulate to increase plaintiff's award for past and future pain and suffering to an aggregate sum of $200,000, and to entry of an amended judgment in accordance therewith, and, except as so modified, affirmed, without costs.

Plaintiff, an employee of subcontractor moving company Hanover, was injured when he fell while moving boxes into a computer room at Prudential's premises. Prudential had hired Forest Electric to dismantle the floor of the computer room, in preparation for Prudential's move to another location. Plaintiff was injured when the floor tile upon which he stood shifted, causing him to slide, and in the course of sliding, to tear the medial meniscus of his right knee. Thereafter, he underwent two arthroscopic procedures.

The jury's failure to make any award of damages for loss of future earnings and fringe benefits was not against the weight of the evidence since the trial evidence, including the testimony of Prudential's medical expert to the effect that, even if the accident had not occurred, plaintiff's pre-existing osteoarthritis would soon have ended his career as a mover, permitted the jury to resolve fairly the issue of plaintiff's entitlement to damages for future earnings and benefits as it did (*see, Nicastro v Park*, 113 AD2d 129, 134). We find, however, that the jury's award of only $68,000 for pain and suffering attributable to plaintiff's injury, a torn meniscus that required two arthroscopic surgeries, did deviate from reasonable compensation to the extent indicated.

Prudential's assertion that the jury's apportionment of liability is unsupportable as a matter of law is untenable in view of the trial evidence demonstrating that Prudential had direct supervision and control of activity in the course of which plaintiff fell and sustained injury (*cf., Brezinski v Olympia & York Water St. Co.*, 218 AD2d 633).

Nor is there merit to Prudential's contention that Supreme Court erred in applying General Obligations Law § 5-322.1 to bar the third-party claim for contractual indemnification against Forest Electric. Both in *Brown v Two Exch. Plaza Partners* (76 NY2d 172, 178) and *Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.* (89 NY2d 786, 794, *affg* 228 AD2d 165), the Court of Appeals held that General Obligations Law § 5-322.1 (1) bars indemnification in favor of an owner or contractor by a contractor or subcontractor which performs "construction, alteration, repair or maintenance of a building, structure, appurtenances and appliances" where the owner or

contractor is responsible for the injury, either in whole or in part. In *Itri* (228 AD2d 165, *supra*), this Court held that the defendant "was not obligated to indemnify plaintiffs, notwithstanding the existence of an indemnity agreement, because the negligence of the promisee * * * [the] general contractor * * * caused, in part, the injuries which were the subject of the underlying action." In affirming, the Court of Appeals reiterated (89 NY2d, *supra*, at 794) that the statute was enacted "to prevent a prevalent practice in the construction industry of requiring subcontractors to assume liability by contract for the negligence of others" (*see also, Brown v Two Exch. Plaza Partners, supra*, at 179-180).

The cases relied upon by Prudential in support of its position generally concern the distinct treatment accorded to contracts requiring the procurement of insurance, which are enforceable. As the Court of Appeals stated in *Kinney v Lisk Co.* (76 NY2d 215, 218), "this particular distinction is what renders indemnification, but not insurance-procurement, agreements violative of the public policies underlying General Obligations Law § 5-322.1." To the extent that our decision in *Santamaria v 1125 Park Ave. Corp.* (238 AD2d 259) can be read to the contrary, we confine it to its facts.

The decision and order of this Court entered herein on June 7, 2001 (284 AD2d 132), is hereby recalled and vacated. Concur—Rosenberger, J. P., Williams, Tom, Wallach and Rubin, JJ.