■ JENNIFER TORMEY, Respondent, v CITY OF NEW YORK, Defendant, METROPOLITAN 810 7TH AVENUE, LLC, Appellant-Respondent, and CENTRAL PARKING SYSTEM, Respondent-Appellant. [756 NYS2d 159] —Order, Supreme Court, New York County (Saralee Evans, J.), entered on or about March 4, 2002, which denied the motion of defendant Metropolitan 810 7th Avenue, LLC (Metropolitan) for summary judgment dismissing the complaint and cross claims against it and for summary judgment upon its cross claim for contractual indemnification against defendant Central Parking System (Central), and denied the cross motion of Central for summary judgment dismissing the complaint against it, unanimously affirmed, without costs.

Plaintiff was injured when she slipped and fell on an alleged defect in a metal-sheathed section of curb in front of a garage operated by defendant Central. The building was owned by defendant Metropolitan, whose full-time, on-site staff admittedly inspects the sidewalks abutting the building several times each week. No evidence was presented that the metal-protected

curb is used by the general public (*cf. Ivanyushkina v City of New York*, 300 AD2d 544); rather it appears that it is used only by Central's customers to enter the garage and by Metropolitan's work trucks. Accordingly, since Central and Metropolitan have made use of the "appurtenance" (*see Spangel v City of New York*, 285 AD2d 425), special use by them is, at the very least, "circumstantially evident" (*see Melamed v Rosefsky*, 291 AD2d 602, 603), warranting denial of their motions for summary judgment dismissing the complaint. Further, there is ample evidence on the record raising questions as to whether Metropolitan is in fact a "landlord out of possession," much less one that never makes special use of the metal-protected curb (*cf. Pantaleon v Lorimer Mgt. Corp.*, 270 AD2d 324).

As for Metropolitan's contractual indemnification claim, under General Obligations Law § 5-321, a lease clause may not be used by a landlord to seek indemnification for its own negligence (*see Juliano v Prudential Sec.*, 287 AD2d 260, 262), and it is far from clear that Metropolitan was free from negligence in connection with the creation or nonremediation of the alleged hazard. Summary judgment upon Metropolitan's cross claim was also properly denied since the record does not contain evidence that it was the "unmistakable intent" of the contracting parties that negligence by the tenant should trigger a full indemnification obligation under circumstances such as those here presented (*see Leone v Leewood Serv. Sta.*, 212 AD2d 669, *lv denied* 86 NY2d 709; *Taylor v City of New York*, 150 Misc 2d 528, 533). Concur—Saxe, J.P., Buckley, Rosenberger, Lerner and Gonzalez, JJ.