■ HELEN BEDA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and BROTHERS FOUR REALTY CORP. OF NEW YORK, Appellant. [772 NYS2d 339]—

In an action to recover damages for personal injuries, etc., the defendant Brothers Four Realty Corp. appeals from an order of the Supreme Court, Kings County (Knipel, J.), dated December 3, 2002, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiffs commenced this action to recover damages, inter alia, for injuries allegedly sustained by the plaintiff Helen Beda, when she tripped and fell as a result of a metal ventila-

tion plate in the public sidewalk adjacent to premises owned by the appellant, Brothers Four Realty Corp., and leased to the defendant A & M Bagels. The evidence establishes that the metal plate was in existence at the time the appellant purchased the building and was used by the tenant to ventilate its refrigeration equipment installed in the basement. Moreover, the lease in effect at the time of the accident obligated the tenant to maintain and repair the sidewalk where the metal plate was installed.

In support of its motion for summary judgment, the appellant demonstrated that it was an out-of-possession landlord which retained insufficient control over the sidewalk area as to impose liability upon it, and that it was not contractually bound to maintain the sidewalk in front of the store where the injured plaintiff fell (*see Ribacoff v City of Mount Vernon*, 251 AD2d 482, 483 [1998]; *cf. Putnam v Stout*, 38 NY2d 607, 618 [1976]).

In addition, while the metal plate constituted a special use of the sidewalk, the plaintiffs failed to demonstrate that the appellant was under a duty to maintain and repair the special use area. The doctrine of special use imposes an obligation on the abutting landowner or occupier to maintain a public sidewalk in a reasonably safe condition to avoid injury to others, where it puts part of the sidewalk to a special use for its own benefit and that part of the sidewalk is subject to its control (*see Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]; *Minott v City of New York*, 230 AD2d 719, 720 [1996]; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 298 [1988]). At the time of the accident, the tenant was in exclusive possession and control of the special use area of the sidewalk (*see Kaufman v Silver*, 90 NY2d 204, 207-208 [1997]) and the appellant did not derive a benefit from the special use during A & M Bagels' tenancy (*see Pantaleon v Lorimer Mgt. Corp.*, 270 AD2d 324 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the appellant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.