(August 9, 2007)

■ Margo Lennard, Respondent, v Mendik Realty Corp. et al., Appellants and Third-Party Plaintiffs. City of New York, Third-Party Defendant-Respondent. [840 NYS2d 591]—

On remand from the Court of Appeals (8 NY3d 909 [2007]), order, Supreme Court, New York County (Paul G. Feinman, J.), entered August 24, 2005, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' motion for summary judgment dismissing the complaint, and for a conditional order of indemnification as against third-party defendant, unanimously affirmed, without costs.

In this matter, the Court of Appeals has determined that summary judgment dismissing the complaint was not appropriate because "[d]efendants, owners and managers of the premises, failed to establish that they lacked constructive notice of the allegedly defective floor tiles as a matter of law. . . ." (*Id.* at 910, citing *Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Chapman v Silber*, 97 NY2d 9, 19 [2001].)

In view of the foregoing, we find that the motion court properly granted defendants' motion for conditional contractual indemnification as against the City to the extent of directing it to indemnify defendants for any liability arising out of the accident that was not the result of defendants' own negligence. This ruling is in accord with General Obligations Law § 5-321, prohibiting indemnification of a party for his/her active negligence (*see Tormey v City of New York*, 302 AD2d 277 [2003]), as well as with the provisions of article 23 of the amended and restated lease, pursuant to which the City was required to indemnify defendants for all claims except those caused by defendants' own negligence.

Finally, the motion court properly directed that both plaintiff and the City disclose the last known addresses of both eyewitnesses, to the extent known by them, and properly precluded plaintiff from offering the testimony of such witnesses in the event she failed to comply. Preclusion of the witnesses'

testimony, at this stage of the proceedings, is an extreme and unwarranted measure. Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.