■ GLORIA GASTON, Appellant, v CITY OF NEW YORK et al., Respondents. [874 NYS2d 33]—

Judgment, Supreme Court, Bronx County (Edgar G. Walker, J.), entered May 31, 2007, upon a jury verdict finding plaintiff 80% and defendant 20% liable for plaintiff's injuries and awarding plaintiff, prior to apportionment, $5,000 and $0 for past and future pain and suffering, respectively, and $3,000 and $0 for past and future medical expenses, respectively, unanimously modified, on the facts, the awards for past and future pain and suffering vacated and the matter remanded for a new trial solely on the issue of those damages, and otherwise affirmed, without costs, unless defendants stipulate, within 30 days after service of a copy of this order, to an award, prior to apportionment, of $200,000 for past pain and suffering, and $50,000 for future pain and suffering and to entry of an amended judgment in accordance therewith.

The jury's award of an aggregate sum of $8,000 for past pain and suffering and past medical expenses is not inconsistent with its finding of liability on defendants' part and therefore reflects no impermissible compromise (*see Galaz v Sobel & Kraus*, 280 AD2d 427 [2001]). The trial evidence supports the jury's apparent finding that defendants' negligence was not a contributing cause of the injuries revealed during plaintiff's second surgery. The evidence also supports the jury's awards for past and future medical expenses.

However, in view of the evidence that plaintiff suffered a torn meniscus that necessitated surgical repair and would be attended by arthritic consequences, the jury's award for past and future pain and suffering deviated from what would be reasonable compensation to the extent indicated (*see e.g. Juliano v Prudential Sec.*, 287 AD2d 260, 261 [2001]).

Defendants' expert was properly permitted to comment on surgical photographs offered into evidence by plaintiff. Plaintiff failed to show that defense counsel's summation remarks "substantially influenced or affected the fairness of the trial" (*Smith v Au*, 8 AD3d 1, 1-2 [2004]). The court's charge on liability was clear and unambiguous as to defendant's duty to maintain the construction area and sidewalk in a reasonably safe condition so as to permit pedestrian access to plaintiff's workplace and contained nothing that could have influenced the jury in its apportionment of fault. Concur—Tom, J.P., Moskowitz, Acosta and Freedman, JJ.