■ ADELO HERNANDEZ, Respondent, v EAST BOY, INC., Defendant/Third-Party Plaintiff-Appellant. EAST JAPANESE RESTAURANT et al., Third-Party Defendants-Respondents. [960 NYS2d 305]—Order, Supreme Court, New York County (Louis B. York, J.), entered August 10, 2012, which denied defendant/third-party plaintiff's motion for summary judgment dismissing the complaint and on its claim for indemnification against third-party defendants, unanimously affirmed, without costs.

Conflicting testimony raises an issue of fact whether, despite the terms of the lease, defendant retained or assumed responsibility for maintaining the premises and can be held liable for plaintiff's injuries (*see Colon v Mandelbaum*, 244 AD2d 292 [1st Dept 1997]). In light of the unresolved issue of its negligence, defendant is not entitled to indemnification (*see Delgiudice v Papanicolaou*, 5 AD3d 236 [1st Dept 2004]; *Tormey v City of New York*, 302 AD2d 277, 278 [1st Dept 2003]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ.

■ ADELO HERNANDEZ, Appellant, v EAST BOY, INC., Defendant/Third-Party Plaintiff-Respondent. EAST JAPANESE RESTAURANT et al., Third-Party Defendants-Respondents. [960 NYS2d 305]—Order, Supreme Court, New York County (Louis B. York, J.), entered August 14, 2012, which denied plaintiff's motion to strike the answer, unanimously affirmed, without costs.

The staircase on which plaintiff fell was replaced after he commenced this action and had served a notice to enter and inspect the premises. However, plaintiff failed to establish that defendant was involved in the replacement of the staircase or that there was spoliation of evidence in any other way (*see generally Kirkland v New York City Hous. Auth.*, 236 AD2d 170, 173 [1st Dept 1997]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Clark, JJ.