■ JAMES B. BUCKLEY, Plaintiff, v CITY OF NEW YORK et al., Defendants. (And Third-Party Actions.) CITY OF NEW YORK et al., Third Third-Party Plaintiffs-Appellants, v W&W GLASS SYSTEMS, INC., Third Third-Party Defendant-Respondent. W&W GLASS SYSTEMS, INC., Respondent-Appellant, and CITY OF NEW YORK et al., Appellants-Respondents, v METAL SALES CO., INC., Respondent. (And Another Third-Party Action.) [2 NYS3d 443]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 23, 2013, which to the extent appealed from as limited by the briefs, denied the motion of defendants the City of New York, New York City Health and Hospital Corp., New York State Dormitory Authority and TDX/Gilbane (City defendants) to the extent it sought conditional contractual indemnification from plaintiff W&W Glass Systems, Inc., and granted defendant Metal Sales Co., Inc.'s motion to dismiss W&W Glass's cross claim against it for contractual indemnification, unanimously reversed, on the law, without costs, the portion of the City defendants' motion seeking contractual indemnification granted to the extent that they incur damages not covered by the insurance procured by W&W Glass in their favor and the portion of Metal Sales Co., Inc.'s motion to dismiss W&W Glass's October 3, 2011 cross claim for contractual indemnification denied.

In this action for personal injuries allegedly suffered by plaintiff while he was working at a construction site owned and operated by the City defendants, the contract between the defendant Dormitory Authority and W&W Glass required W&W to indemnify the City defendants for any liability they incur arising out of the work contracted to W&W Glass and subcontracted to Metal Sales (plaintiff's employer). Accordingly, W&W is liable to the City defendants for any damages incurred by them that are not covered by the insurance procured by W&W Glass in the City defendants' favor (*see Lennard v Mendik Realty Corp.*, 43 AD3d 279 [1st Dept 2007]).

Moreover, contrary to Metal Sales's assertion, W&W Glass's

October 3, 2011 cross claim against it for contractual indemnification is not identical to the claim in W&W Glass's 2006 complaint for contractual indemnification that was previously dismissed in Supreme Court's February 3, 2012 order on renewal. The February 3, 2012 order dismissed W&W Glass's 2006 claim for contractual indemnification on the ground that, because the City defendants were being defended and indemnified as additional insureds, W&W Glass's obligation to indemnify them was not implicated. While the renewal motion was pending, however, the City defendants commenced third-party actions against W&W Glass for contractual indemnification for any liability they incur in excess of the insurance available to them, and W&W Glass asserted a cross claim against Metal Sales for any such liability it may incur. In other words, the only liability to the City defendants that W&W Glass may incur, for which its October 3, 2011 cross claim seeks contractual indemnification against Metal Sales, are damages in excess of the insurance provided to the City defendants. The February 3, 2012 order on renewal did not preclude or deny any such claim but rather dismissed W&W Glass's claim in the 2006 complaint for contractual indemnification "without prejudice to other proceedings by W&W, if so advised, for contractual indemnification from Metal Sales for defense costs and other damages exceeding the primary and excess policies." Accordingly, the motion to dismiss the cross claim should have been denied. Concur—Tom, J.P., Acosta, Saxe, Moskowitz and Feinman, JJ.