ARNULFO AHUMADA, Appellant, v ARTHUR DROGAN, as Temporary Administrator of the Estate of ELAINE DROGAN, Deceased, Respondent. [55 NYS3d 655]—

Judgment, Supreme Court, Bronx County (Fernando Tapia, J.), entered November 16, 2015, granting defendant's motion pursuant to CPLR 4404 (a) to set aside the jury verdict awarding plaintiff $500,000 for past pain and suffering and $250,000 for future pain and suffering over 10 years as against the weight of the evidence and excessive and remanding for a new trial on damages, unanimously modified, on the facts and in the exercise of discretion, to so remand unless plaintiff stipulates, within 20 days of service of a copy of this order with notice of entry, to reduce the jury award for past pain and suffering to $300,000, and future pain and suffering to $150,000, and otherwise affirmed, without costs.

Supreme Court properly directed a verdict in plaintiff's favor that he had suffered a fractured fibula, constituting a serious injury (*see* Insurance Law § 5102 [d]). Defendant offered no evidence to dispute plaintiff's medical expert that plaintiff sustained such an injury, as shown on imaging tests, which defendant's expert testified he could not dispute. Also, Supreme

Court did not err in allowing plaintiff's radiologist to testify regarding the MRI films he had interpreted that were not entered into evidence (*Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644 [1994]), especially where they had been subpoenaed and where defendant's expert had reviewed them but defendant chose not to call him to testify.

However, unlike the trial court which opined that the verdict should be at maximum $250,000, we find the verdict excessive only to the extent indicated (*see Gaston v City of New York*, 59 AD3d 281 [1st Dept 2009]; *Smith v Vohrer*, 62 AD3d 528 [1st Dept 2009]; *Lopez v Consolidated Edison Co. of N.Y., Inc.*, 40 AD3d 221 [1st Dept 2007]; *Uriondo v Timberline Camplands, Inc.*, 19 AD3d 282 [1st Dept 2005], *lv denied* 6 NY3d 704 [2006]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Sweeny, J.P., Mazzarelli, Webber, Kahn and Kern, JJ.