**Baez v NYC Hous. Dev. Corp.**

2024 NY Slip Op 30548(U)

February 21, 2024

Supreme Court, New York County

Docket Number: Index No. 154078/2018

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| **PRESENT:** | **HON. HASA A. KINGO** | **PART** **05M** |
| | *Justice* | |

-----------------------------------------------------------------------------------X

NANCY BAEZ,

Plaintiff,

- v -

NYC HOUSING DEVELOPMENT CORPORATION, FRANKLIN PLAZA APARTMENTS INC.,PRESTIGE MANAGEMENT INC.,CHASE BANK, CITY OF NEW YORK,

Defendant.

-----------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 154078/2018 |
| **MOTION DATE** | 06/05/2023 |
| **MOTION SEQ. NO.** | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

With the instant motion, defendant JPMorgan Chase Bank, N.A ("defendant") moves, pursuant to CPLR § 3212, for an order dismissing plaintiff Nancy Baez ("plaintiff") complaint as against it. Plaintiff opposes the application.

## BACKGROUND AND ARGUMENTS

This is a negligence action arising out of an alleged trip-and-fall accident that occurred on August 11, 2017, on the sidewalk adjacent to a Chase Bank branch at 2065 Second Avenue in Manhattan (the subject premises). The subject premises were owned by Franklin Plaza Apartments, Inc. ("the Landlord"). Defendant was a commercial tenant of the subject premises and, as such, submits that it owed no duty to plaintiff regarding the maintenance of the sidewalk upon which the tree well was located. This is because defendant submits that it was not the property owner and did not create or cause the alleged dangerous condition or make special use of the sidewalk.

In further support of the instant motion, defendant argues that as a commercial tenant of the subject premises, it owed no duty to plaintiff with respect to maintenance of the sidewalk upon which plaintiff fell because it was not the property owner and it did not create or cause the alleged dangerous condition or make special use of the sidewalk. Indeed, defendant submits that the Landlord had a nondelegable duty pursuant to Administrative Code of the City of New York § 7-210 to maintain and repair the sidewalk adjacent to the subject premises upon which plaintiff allegedly fell, and the City of New York was responsible for maintenance and repair of the tree well where plaintiff allegedly fell.

**154078/2018  BAEZ, NANCY vs. NYC HOUSING DEVELOPMENT**
**Motion No.  003**

**Page 1 of 4**

Defendant annexes the affidavit of Christopher Gutgesell ("Gutgesell") in support of its motion. In his affidavit, Gutgesell states that: 1.) he is the "Executive Director of Casualty Insurance Claims at JPMorgan Chase Bank, N.A. in the Corporate Insurance Services Department"; 2.) in his position, he has "access to records maintained by defendant in the ordinary course of its business operations"; and 3.) he has "knowledge of the facts contained in this affidavit, and makes the statements set forth in this affidavit, upon information and belief, based on a review of the records maintained by [defendant] in its ordinary course of business." Gutgesell goes on to submit that defendant did not perform any work or repairs to the sidewalk or tree well area where plaintiff allegedly fell ("[p]rior to and including the date of the subject accident, [defendant] did not perform any work or repairs to the sidewalk or tree well area where plaintiff allegedly fell").

Based on its submission, defendant argues that it has made a prima facie showing that it did not owe plaintiff a duty to maintain or repair the area where she allegedly fell, and that it is therefore entitled to summary judgment dismissing the complaint as against it.

In response, plaintiff contends that defendant has not presented any credible evidence to contradict plaintiff's claims of "cause and create" or "special use." Specifically, plaintiff challenges Gutgesell's affidavit as inadmissible evidence from an individual without firsthand knowledge who can affirm that defendant did not undertake any work on the tree well or sidewalk at the location of the accident.

In refuting the assertion that defendant conducted any work on the sidewalk or tree well, plaintiff submits that defendant could have easily obtained an affidavit from someone associated with the local bank branch who might possess knowledge of day-to-day operations. Instead of pursuing this avenue, plaintiff takes umbrage with defendant's choice to rely exclusively on the affidavit of its nationwide Executive Director of Casualty Insurance Claims, Gutgesell.

Plaintiff further submits that Gutgesell does not specify whether he reviewed maintenance or construction documents, or if he confirmed their absence, and if so, how. Additionally, plaintiff states that there is no explanation as to whether Gutgesell consulted with New York-based employees at the relevant bank branch to reach his self-serving conclusion. Consequently, plaintiff submits that Gutgesell's assertion that defendant performed no work at the specified location either lacks a foundation in personal knowledge or, if based on personal knowledge, derives from hearsay not presented to the court.

Secondly, plaintiff emphasizes that defendant's written lease includes conflicting provisions concerning sidewalk maintenance duties. While defendant selectively cites the self-serving provisions in its motion, plaintiff contends that it overlooks those that are unhelpful. A thorough examination of the lease raises a genuine factual question about whether defendant was indeed obligated to perform "structural repairs" on the sidewalk.

Thirdly, even if defendant's sidewalk obligations were limited to minor "non-structural repairs," plaintiff submits that the nature of the defect responsible for plaintiff's accident seems to align with that description—a "non-structural" defect that is more than trivial but falls short of being considered major. Given that the lease strongly indicates a contractual duty on the part of defendant, the critical issue becomes whether defendant has convincingly demonstrated that its

154078/2018   BAEZ, NANCY vs. NYC HOUSING DEVELOPMENT                    Page 2 of 4
Motion No. 003

2 of 4

[* 2]

active role in maintenance did not replace the owner's sidewalk maintenance role (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Abramson v Eden Farm, Inc.*, 70 AD3d 514 [1st Dept 2010]). On this point, plaintiff argues that defendant has provided no evidence. Therefore, plaintiff submits that granting defendant summary judgment on the grounds that it lacked any "duty" as a matter of law would be erroneous. In plaintiff's view, any reasonable interpretation of the lease raises jury questions regarding the scope of this contractual duty and, consequently, whether defendant breached its duty by not addressing the specific defect that caused injury to plaintiff.

Fourth and finally, despite Gutgesell asserting that no work was ever done at the subject location, plaintiff states that a series of Google Earth Streetview images tell a different story. These images, which plaintiff proffers pursuant to CPLR § 4532-b, reveal significant façade work being done on defendant's building and the sidewalk where plaintiff eventually fell. Since no depositions have been conducted, plaintiff submits that it is unclear what role defendant played, as a flagship tenant, in planning, procuring, supervising, or even performing this extensive work. Plaintiff submits that the Google images depicting street work highlight that Gutgesell's affidavit is unreliable at best, and therefore, that the motion should be denied as premature.

## DISCUSSION

To grant summary judgment, it must clearly appear that no material triable issue of fact is presented (*see Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]). The burden on the court in deciding this type of motion is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (*see Barr v. Albany County*, 50 NY2d 247 [1980]; *Miller v. Journal-News*, 211 AD2d 626 [2d Dept 1995]). It is the existence of an issue, not its relative strength, that is the critical and controlling for the court's consideration when making its determination (*see Barrett v Jacobs*, 255 NY520 [1931]).

Administrative Code § 7-210 provides, as relevant here, that:

> the owner of real property abutting any sidewalk ... shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags ...( N.Y.C Admin. Code § 7-210[b]).

In accordance with the foregoing, owners of otherwise exempt property under Administrative Code § 7-210 remain liable for injuries caused by defective sidewalks if they caused or created a dangerous condition thereon or derived a special use from the public sidewalk (*Meyer v City of New York*, 114 AD3d 734, 734-735 [2d Dept 2014] [court granted motion by defendants for summary judgment on grounds that the property was exempt under § 7-210 and because they established that they neither created the condition alleged to have caused plaintiff's accident nor did they derive a special use from the public sidewalk]).

154078/2018   BAEZ, NANCY vs. NYC HOUSING DEVELOPMENT                    Page 3 of 4
Motion No.  003

3 of 4

[* 3]

"The doctrine of special use imposes an obligation on the abutting landowner or occupier to maintain a public sidewalk in a reasonably safe condition to avoid injury to others, where it puts part of the sidewalk to a special use for its own benefit and that part of the sidewalk is subject to its control" (*Beda v City of New York*, 4 AD3d 317 [2d Dept 2004]). In *Beda*, the court found that the tenant's use of a metal ventilation plate on the sidewalk in front of its store was a special use by the tenant but not by the landlord, since the tenant was in exclusive possession and control of the area of the sidewalk which contained the metal plate and the lessor did not benefit from the metal plate (*see id*.). As in any case premised on the negligent maintenance of real property, it is well settled that a prerequisite for the imposition of liability for a dangerous condition within, or, on real property, is a defendant's occupancy, ownership, control or special use of the premises (*Balsam v Delma Engineering Corporation*, 139 AD2d 292, 296-297 [1st Dept 1998]; *Hilliard v Roc-Newark Assoc.*, 287 AD2d 691, 693 [2d Dept 2001]). Absent evidence of ownership, occupancy, control, or special use, liability cannot be imposed (*Balsam*, 139 AD2d at 297, *supra*).

A motion for summary judgment is premature, when the issues raised therein require further discovery, which have not yet been completed, and particularly when depositions as well as physical examinations of plaintiff remain outstanding (*see Mason v City of New York*, 121 AD3d 468 [1st Dept 2014]; *see also Blech v West Park Presbyt. Church*, 97 AD3d 443 [1st Dept 2012].

Here, while defendant has submitted an affidavit and contends that it owed no duty to plaintiff with respect to maintenance of the sidewalk upon which the tree well was located because it was not the property owner and it did not create or cause the alleged dangerous condition or make special use of the sidewalk, defendant's assertions are premature at this stage of the litigation. Plaintiff correctly highlights that full discovery has not been exchanged that may well bear on the issues of whether defendant maintained the sidewalk at issue, and whether defendant assumed control of the premises such that defendant either caused or created the defect, or put the area to special use. Moreover, further discovery may yield additional information bearing on the precise location of the accident thereby rendering the instant motion premature. Indeed, since the filing of this motion, at least three (3) discovery orders have been issued by this court. The discovery yielded from those orders is likely to provide relevant information bearing on the issues presented by defendant's motion.

Thus, it appearing from plaintiff's opposition papers that facts essential to its opposition may exist due to the numerous items of discovery still outstanding, defendant's application for summary judgment must be denied at this time, as premature (*see* CPLR § 3212; *see also Espinoza v Fowler-Daley Owners, Inc.*, 171 AD3d 480 [1st Dept 2019]). Accordingly, it is

ORDERED, that defendant's summary judgment motion is denied as premature.

This constitutes the decision and order of the court.

20240221150828HKINGO4B6D728AC89F4B0DA13F6E8D79F7B67C

| 2/21/2024 | HASA A. KINGO, J.S.C. |
| DATE | |

CHECK ONE:  ☐ CASE DISPOSED   ☒ NON-FINAL DISPOSITION
            ☐ GRANTED   ☒ DENIED   ☐ GRANTED IN PART   ☐ OTHER

**154078/2018   BAEZ, NANCY vs. NYC HOUSING DEVELOPMENT**                    **Page 4 of 4**
**Motion No.  003**

[* 4]