ANNETTE GIARRATANI et al., Appellants, v WE'RE ASSOCIATES, INC., et al., Respondents. (Action No. 1.) ANNETTE GIARRATANI et al., Appellants, v PARIS MAINTENANCE COMPANY, INC., et al., Defendants, and PM REALTY GROUP, L.P., et al., Respondents. (Action No. 2.) [817 NYS2d 301]—

In two related actions, inter alia, to recover damages for personal injuries, etc., which were joined for trial, the plaintiffs appeal, as limited by their brief, from so much of an order of the

Supreme Court, Nassau County (Winslow, J.), dated December 30, 2004, as granted that branch of the motion of the defendants We're Associates, Inc., We're Associates II, We're Developing Company, JQ III Associates, LLC, and The We're Group which was for summary judgment dismissing the complaint in action No. 1 and as granted that branch of the separate motion of the defendants PM Realty Group, LP, PM Realty Group, Ltd., LP, New PM Realty Group, LP, and PM Realty Group Investment Services, LLC, which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants PM Realty Group, LP, PM Realty Group, Ltd., LP, New PM Realty Group, LP, and PM Realty Group Investment Services, LLC, which was for summary judgment dismissing the complaint in action No. 2 insofar as asserted against them and substituting therefor a provision denying that branch of that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiffs payable by the defendants PM Realty Group, LP, PM Realty Group, Ltd., LP, New PM Realty Group, LP, and PM Realty Group Investment Services, LLC, and one bill of costs to the defendants We're Associates, Inc., We're Associates II, We're Developing Company, JQ III Associates, LLC, and The We're Group payable by the plaintiffs.

Contrary to the plaintiffs' contention, the Supreme Court properly determined that the defendants in action No. 1, We're Associates, Inc., We're Associates II, We're Developing Company, JQ III Associates, LLC, and The We're Group (hereinafter collectively the landlord), established their prima facie entitlement to judgment as a matter of law. In opposition to their motion, the plaintiffs failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Contrary to the plaintiffs' contention, none of the lease provisions upon which they relied imposed any obligation on the landlord to repair the broken curb where the injured plaintiff allegedly fell. Furthermore, in the absence of a duty imposed by statute, a landlord's mere reservation of a right to enter a leased premises to make repairs is insufficient to give rise to liability for a subsequently-arising dangerous condition (see *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559 [1987]; *Roveto v VHT Enters., Inc.*, 17 AD3d 341 [2005]; *Ortiz v RVC Realty Co.*, 253 AD2d 802, 803 [1998]).

However, the defendants in action No. 2 PM Realty Group, LP, PM Realty Group, Ltd., LP, New PM Realty Group, LP, and

PM Realty Group Investment Services, LLC (hereinafter the property management company), failed to establish their entitlement to summary judgment by tendering sufficient evidence to demonstrate, prima facie, that their property management services agreement (hereinafter the agreement) with Chase Manhattan Bank (hereinafter Chase), the tenant, was not comprehensive and exclusive, and did not entirely displace Chase's duty to maintain the premises in a reasonably safe condition (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136 [2002]; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579 [1994]; *Riley v ISS Intl. Serv. Sys.*, 5 AD3d 754, 757 [2004]). The agreement provided, inter alia, that the property management company "shall cause such ordinary and necessary repairs to be made to the Properties . . . as shall be necessary." Notwithstanding that Chase had the right to approve all invoices exceeding $10,000, that did not diminish the property management company's authority to repair the subject curb (*see Tushaj v Elm Mgt. Assoc.*, 293 AD2d 44, 48 [2002]), particularly in the absence of any proof that the cost of the repair would have exceeded $10,000.

The parties' remaining contentions are without merit. Miller, J.P., Ritter, Skelos and Lifson, JJ., concur.