■ Harriet Abramson, Respondent, v Eden Farm, Inc., Appellant, et al., Defendants. [894 NYS2d 429]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered December 24, 2008, which denied defendant Eden Farm's motion for summary judgment dismissing the complaint as to it, unanimously affirmed, without costs.

Plaintiff, a 69-year-old woman, tripped over a cracked portion of the public sidewalk abutting a store leased by Eden Farm from the third-party defendant landowner. In support of its motion for summary judgment, Eden Farm demonstrated that it did not create the alleged defect through any special use of the sidewalk or otherwise (*see Weiskopf v City of New York*, 5 AD3d 202 [2004]), and that it is not a landowner and therefore is not subject to a statutory obligation to maintain the sidewalk in "reasonably safe condition" (*see* Administrative Code of City of NY § 7-210; *Cook v Consolidated Edison Co. of NY, Inc.*, 51 AD3d 447, 448 [2008]). However, while Eden Farm relied on provisions of its lease which required it to clean the sidewalk and make nonstructural repairs to the premises, it entirely failed to address another provision which required it, at its own expense, to "make all repairs and replacements to the sidewalks and curbs adjacent" to the premises, or the legal issue of whether the lease was so "comprehensive and exclusive" as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Giarratani v We're Assoc., Inc.*, 29 AD3d 946, 947-948 [2006]; *compare Taubenfeld v Starbucks Corp.*, 48 AD3d 310 [2008], *lv denied* 10 NY3d 713 [2008]). Thus, defendant did not demonstrate an absence of a duty of care owing to the plaintiff pedestrian.

Further, since the deposition witness provided by defendant was an employee of the store with no knowledge of the lease or defendant's obligations thereunder, and no discovery has been had from the landowner, the grant of summary judgment was premature (*see* CPLR 3212 [f]; *First Bank of Ams. v Motor Car*

*Funding*, 257 AD2d 287, 293-294 [1999]). Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.