■ ALEXIA ANASTASIO, Appellant, v BERRY COMPLEX, LLC, et al., Respondents. [918 NYS2d 216]—

The plaintiff slipped and fell on ice as she was walking on a sidewalk abutting premises owned by the defendant Berry Complex, LLC (hereinafter Berry). The abutting premises was undergoing renovation, and a sidewalk shed had been erected. The defendant A Design Built Group, Inc. (hereinafter Design Built), was the general contractor, and the sidewalk shed was erected by the defendant York Scaffold Equipment Corp. (hereinafter York). The plaintiff alleged that the ice had formed from water which was dripping from the sidewalk shed. At her deposition, she testified that she stepped aside to avoid the dripping water and slipped on ice which was covered with water which had dripped from the sidewalk shed.

None of the defendants submitted evidence sufficient to establish their prima facie entitlement to judgment as a matter of

law dismissing the complaint insofar as asserted against them (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Contrary to York's contention, a triable issue of fact exists as to whether it launched an instrument of harm by allegedly negligently erecting the sidewalk shed (*see Manicone v City of New York*, 75 AD3d 535 [2010]; *Ragone v Spring Scaffolding, Inc.*, 46 AD3d 652 [2007]; *Phillips v Seril*, 209 AD2d 496 [1994]). With respect to Design Built, triable issues of fact exist as to whether it exercised control over the construction site, as the general contractor, and whether it created or had actual or constructive notice of the alleged hazardous conditions (*see Manicone v City of New York*, 75 AD3d 535 [2010]). Berry failed to establish, prima facie, that it lacked constructive notice of the alleged ice condition on the sidewalk abutting its property (*see Martinez v Khaimov*, 74 AD3d 1031 [2010]; *see generally* Administrative Code of City of NY § 7-210). Since none of the parties satisfied their prima facie burden as the movants, we need not review the sufficiency of the plaintiff's opposition papers (*see Totten v Cumberland Farms, Inc.*, 57 AD3d 653 [2008]; *Joachim v 1824 Church Ave., Inc.*, 12 AD3d 409 [2004]).

Accordingly, the Supreme Court should have denied the subject branches of the motion and cross motion which were for summary judgment. Covello, J.P., Dickerson, Hall and Lott, JJ., concur.