In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated November 14, 2011, as granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The plaintiff Jason Weinberg (hereinafter the injured plaintiff) allegedly was injured while riding his bicycle at night on a sidewalk abutting a building owned and managed by the defendants. In the ensuing personal injury action, he testified at a deposition that there were garbage bags and other debris, including wood, at the curb and on the sidewalk in front of the subject building. He claimed that his bicycle struck a piece of wood that allegedly extended out from the garbage bags and covered most of the sidewalk.
At his deposition, the building’s superintendent testified that the building’s trash compactor was not functional. Tenants disposed of garbage in a chute, and the building’s porter removed it and put it in black plastic bags. In addition, old kitchen cabinets were sometimes broken up before being removed from the building and placed on the sidewalk by the porter. The garbage would be put out at about 5:00 p.m. on the day preceding the day it was scheduled to be picked up by the New York City Sanitation Department.
Administrative Code of the City of New York § 7-210 imposes a duty upon property owners to maintain the sidewalk adjacent to their property. That duty includes the duty to remove “dirt or other material from the sidewalk,” which includes debris on *525 the sidewalk which came from garbage bags placed on the sidewalk by the property owner (Administrative Code of City of NY § 7-210 [b]; see Melnikov v 249 Brighton Corp., 72 AD3d 760 [2010]).
On their motion for summary judgment, the defendants bore the burden of establishing that they neither created the hazardous condition nor had actual or constructive notice of its existence (see Anastasio v Berry Complex, LLC, 82 AD3d 808, 809 [2011]; Melnikov v 249 Brighton Corp., 72 AD3d 760 [2010]). The defendants failed to establish their entitlement to judgment as a matter of law. They failed to demonstrate that they did not create a dangerous condition, nor did they establish that they properly maintained the sidewalk as required by Administrative Code of City of NY § 7-210 (see James v Blackmon, 58 AD3d 808 [2009]). In addition, there was no testimony or other evidence as to when the sidewalk was last inspected before the accident, or what it looked like when it was last inspected (see Jackson v Jamaica First Parking, LLC, 91 AD3d 602 [2012]; Martinez v Khaimov, 74 AD3d 1031 [2010]). Moreover, the defendants failed to establish as a matter of law that the alleged negligence of the injured plaintiff was the sole proximate cause of the accident.
Since the defendants failed to establish their entitlement to judgment as a matter of law, their motion for summary judgment should have been denied, without consideration of the sufficiency of the plaintiffs’ opposition papers (see Wedderburn v Simmons, 95 AD3d 1304 [2012]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.