Weiss v City of New York (2019 NY Slip Op 02274)





Weiss v City of New York


2019 NY Slip Op 02274


Decided on March 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 26, 2019

Sweeny, J.P., Richter, Tom, Kapnick, Oing, JJ.


8784 21372/12

[*1]Charlene Weiss, as Administrator of the Estate of Mark L. Weiss, Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Respondents, The New Fulton Fish Market Cooperative at Hunts Point, Inc., Defendant-Appellant.


Cartafalsa, Turpin & Lenoff, New York (Carolyn Comparato of counsel), for appellant.
Law Office of Stefano A. Filippazzo, P.C., Brooklyn (Louis A. Badolato of counsel), for Charlene Weiss, respondent.
Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for The City of New York, New York City Department of Correction and New York City Department Environmental Protection, respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 5, 2018, which, to the extent appealed from, denied the motion of defendant The New Fulton Fish Market Cooperative at Hunts Point, Inc. (Fulton) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
In this action where plaintiff's decedent alleged that he was injured when he tripped and fell over broken cement barriers strewn over the sidewalk and roadway owned by defendant City of New York, Fulton failed to establish that maintenance of the accident location was not within its responsibilities under its lease with the City. Thus, Fulton did not demonstrate an absence of a duty of care owing to plaintiff's decedent (see Abramson v Eden Farm, Inc., 70 AD3d 514 [1st Dept 2010]).
In view of Fulton's failure to meet its prima facie burden, plaintiff's opposition papers need not be considered (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In any event, while there was no direct evidence as to who caused the dangerous condition, issues of fact were raised by the circumstantial evidence as to the liability of each of the defendants (see e.g. Koeppel v City of New York, 205 AD2d 402 [1st Dept 1994]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 26, 2019
CLERK