Healy v 169 E. 69th St. Corp. (2020 NY Slip Op 07999)





Healy v 169 E. 69th St. Corp.


2020 NY Slip Op 07999


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Webber, J.P., Mazzarelli, Gesmer, Moulton, González, JJ. 


Index No. 154737/15 Appeal No. 12741N Case No. 2020-01963 

[*1]Nancy Healy, Plaintiff-Respondent,
v
169 East 69th Street Corporation et al., Defendants-Respondents, Douglas Ellman, LLC, et al., Defendants, Jacques Torres Adventures LLC et al., Defendants-Appellants.


Law Office of James J. Toomey, New York (Evy Kazansky of counsel), for Jacques Torres Adventures LLC, Jacques Torres Retail, LLC, Jacque Torres Manufacturing LLC, and Jacques Torres Stores, LLC, appellants.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka of counsel), for Residential Management Group, appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Nancy Healy, respondent.
Durkin & Durkin, LLC, New York (Stephen M. Knudsen of counsel), for 169 East 69th Street Corporation, Freidland Properties, Inc., Lawrence Friedland and Melvin Friedland, respondents.



Order, Supreme Court, New York County (Alan C. Marin, J.), entered on or about March 6, 2020, which, inter alia, denied defendants Jacques Torres Adventures LLC, Jacques Torres Retail, LLC, Jacques Torres Manufacturing LLC and Jacques Torres Stores, LLC's (collectively Torres) motion for summary judgment dismissing the complaint and all cross claims as against them, granted that part of defendants 169th East Street Corporation (169 East), Friedland Properties Inc., Lawrence Friedland and Melvin Friedland's (Friedland) motion to amend Friedland's answer to add a cross claim against Torres for contractual indemnification and granted 169 East and Friedland summary judgment on the contractual indemnification cross claim against Torres, and which denied defendant Residential Management Group d/b/a Douglas Elliman Property Management's (Elliman) motion for summary judgment dismissing the complaint and all cross claims as against it, unanimously modified, on the law, to vacate the award of summary judgment to Friedland and 169 East on their claims against Torres for contractual indemnification as premature, and otherwise affirmed, without costs.
Plaintiff was injured when she slipped and fell on the sidewalk abutting the premises owned by 169 East, a cooperative building with commercial and residential units. Friedland was the proprietary lessee of the commercial unit directly in front of where the sidewalk defect was located. Friedland leased the unit to nonparty Best Buy, which in turn subleased it to Torres. Elliman was the property manager for the premises pursuant to a contract with 169 East.
The court properly denied Torres' motion for summary judgment dismissing the complaint as against it. Although Torres did not owe plaintiff a duty of care as a landowner, it did agree in its sublease with Best Buy that the lease provisions in Best Buy's lease with Friedland were incorporated therein. Those provisions required Best Buy to make all repairs and replacements to the sidewalk. Thus, there is an issue of fact as to whether Torres' obligation to make repairs entirely displaced Friedland's statutory duty to maintain the sidewalk (see Espinal v Melville Snow Constrs., 98 NY3d 136, 140 [2002]; Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]). Torres' assumption of the duties running from Best Buy toward Friedman also raises an issue of fact whether Torres was contractually obligated to indemnify Friedman and 169 East. To the extent Torres contends that it is prejudiced by Friedland's amendment of its answer to assert a cross claim against it for contractual indemnification, we note that Friedland's original answer put Torres on notice of this claim when it asserted that Torres was required to add it as an additional insured. The court also properly denied Elliman's motion for summary judgment dismissing the complaint against it. Just as there is a question of fact whether Torres' repair obligations deriving from its sublease displaced Friedman's[*2], Elliman's comprehensive and exclusive property management agreement required it to make all ordinary and necessary repairs to the premises, thereby raising a triable issue as to whether it entirely displaced 169 East's duty to maintain the premises in a reasonably safe condition (see Giarratani v We're Assoc., Inc., 29 AD3d 946, 947 [1st Dept 2006]).
Finally, the grant of summary judgment in favor of 169 East and Friedland on their cross claims against Torres for contractual indemnification was premature. An "indemnification clause does not apply to the mere assertion of claims" (JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 575-576 [1st Dept 2012]), which is all that presently exists here. The extent of Torres's duty to indemnify depends upon
the extent to which its negligence contributed to plaintiff's injuries (see Cuomo v 53rd &2nd Assoc., LLC, 111 AD3d 548, 548 [1st Dept 2013]), an issue which is not yet determined.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020