Greene v Raynors Lane Prop. LLC (2021 NY Slip Op 03114)





Greene v Raynors Lane Prop. LLC


2021 NY Slip Op 03114


Decided on May 13, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 13, 2021

Before: Acosta, P.J., Kapnick, Singh, Mendez, JJ. 


Index No. 159170/16 Appeal No. 13103 Case No. 2020-02058 

[*1]Marc V. Greene, Plaintiff-Respondent,
v
Raynors Lane Property LLC, Defendant, SDC LLC Doing Business as Schuchart/Dow, LLC, Defendant-Appellant-Respondent.
Raynors Lane Property LLC, Third-Party Plaintiff, SDC LLC Doing Business as Schuchart/Dow, LLC, Third-Party Plaintiff-Appellant-Respondent,
v
Haddock Contracting, Inc., Third-Party Defendant-Respondent-Appellant.


Fullerton Beck, LLP, White Plains (Edward J. Guardaro, Jr. of counsel), for appellant-respondent.
Kaufman Dolowich & Voluck, Woodbury (Matthew J. Minero of counsel), for respondent-appellant.
Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for respondent.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered September 17, 2019, which, to the extent appealed from as limited by the briefs, denied defendant SDC LLC's (SDC) motion for summary judgment dismissing the Labor Law § 240(1) claim as against it, granted SDC summary judgment on its contractual indemnification claim against third-party defendant (Haddock), granted plaintiff's cross motion for partial summary judgment under Labor Law § 240(1) as against SDC, and denied Haddock's cross motion for summary judgment dismissing SDC's contractual indemnification claim, unanimously modified, on the law, to deny plaintiff's cross motion and SDC's motion for summary judgment on its contractual indemnification claim against third-party defendant Haddock, and otherwise affirmed, without costs.
Defendant Raynors Lane Property LLC owns the subject property. Raynors hired SDC to build a new single-family home on the property for the use of Raynors's sole member on weekends. SDC hired Haddock as a subcontractor to provide materials and perform, inter alia, carpentry and framing work.
On the day of the accident, plaintiff was cutting "microlams," which are columns of manufactured lumber made to support heavy loads. He described them as "[a]lmost like a steel beam," measuring 5½ inches wide, 17 ½ inches tall, and up to 36 feet in length. Plaintiff was instructed by his supervisor to lift the end of the microlam, which may have weighed as much as 1,000 pounds, to allow the blades of the forklift to slide under the board. He testified that while he was attempting to lift the end of the microlam "[t]he ground was very muddy[,] [m]y foot slipped a little bit and I felt a sharp tearing sensation . . . in my back, and I knew I was hurt right away." Plaintiff also noted that the ground was "sloped"; it had rained the previous day so the "whole job site was very, very muddy, very slippery"; there was only dirt there and "no grass." He also described the slope as at a "slight pitch" of maybe "two degree[s]." Plaintiff reiterated, "[m]y foot slipped on wet, uneven surface, yes, on the mud." He also testified that he may have lifted the microlam a couple of inches or up to a foot and held it up for less than 10 seconds.
As pertinent to this appeal, Supreme Court found that plaintiff could recover pursuant to Labor Law § 240(1) "because the object that dropped, i.e.[,] the piece of lumber, was a load that required securing for the purposes of the undertaking at the time it fell" (quoting Cammon v City of New York, 21 AD3d 196, 200 [1st Dept 2005] [internal quotation marks omitted]). Citing Runner v New York Stock Exch., Inc. (13 NY3d 599, 604 [2009]), the court held that "plaintiff's injury was the direct consequence of the application of gravity to the lumber." The court also found that it was foreseeable that plaintiff might slip while performing his work, given that the ground was sloped and muddy. Therefore, a safety device such as a hoist, rope, or cable[*2], was necessary to secure the lumber in addition to the forklift to ensure that plaintiff would be safe (Cammon, 21 AD3d at 200).
Supreme Court should have denied plaintiff summary judgment on the Labor Law § 240(1) claim. There are issues of fact as to "whether plaintiff's injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (Runner, 13 NY3d at 603).
It appears that plaintiff was placed in a position that required him to lift an extremely heavy piece of lumber without any safety devices such as those listed in Labor Law § 240(1) in order to get the assistance of a forklift. We note, in this regard, that any action on plaintiff's part in lifting the beam goes to the issue of comparative negligence, which is not a defense to a Labor Law § 240(1) claim, because the statute imposes absolute liability once a violation is shown (Bland v Manocherian, 66 NY2d 452, 460 [1985]). Moreover, plaintiff was under no duty to demand an alternate safety device on his own because "[t]o place that burden on employees would effectively eviscerate the protections that the legislature put in place" (DeRose v Bloomingdale's Inc., 120 AD3d 41, 47 [1st Dept 2014]). "Indeed, workers would be placed in a nearly impossible position if they were required to demand adequate safety devices from their employers or the owners of buildings on which they work" (id.).
It was premature to grant SDC summary judgment on its contractual indemnification claim against Haddock (Healy v 169 E. 69th St. Corp., 189 AD3d 680 [1st Dept 2020]). We have considered SDC's and Haddock's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 13, 2021