Holmes v City of New York (2022 NY Slip Op 07152)

Holmes v City of New York

2022 NY Slip Op 07152

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 155768/17, 596031/19 Appeal No. 16887 Case No. 2021-03550 

[*1]Jeffrey Holmes et al., Plaintiffs-Respondents,
v
The City of New York, Defendant-Respondent-Appellant, Acadia Realty Inc., et al., Defendants, Acadia Realty Limited Partnership, et al., Defendants-Respondents, 854 7th Avenue LLC, Defendant-Appellant-Respondent. [And A third-Party Action.] 

Farber Brocks & Zane L.L.P., Garden City (Lester Lee Chanin of counsel), for appellant-respondent.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for respondent-appellant.
Sullivan Papain Block McGrath Coffinas & Cannavo, P.C., New York (Brian J. Shoot of counsel), for Jeffrey Holmes and Karen Holmes, respondents.
Fleischner Potash LLP, New York (Kevin McArdle of counsel), for Acadia Realty Limited Partnership and Acadia West 54th Street, LLC, respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about September 10, 2021, which, to the extent appealed from, denied defendants City of New York and 854 7th Avenue LLC d/b/a The Stagecoach Tavern's (Stagecoach) motions for summary judgment dismissing the complaint and all cross claims against them, unanimously affirmed, without costs.
In this action in which plaintiff tripped and fell on a tree guard with metal spikes that surrounded an empty tree well on the sidewalk abutting defendant Stagecoach's tavern, there is an issue of fact as to whether, although the tree guard might have been discernable, it constituted a hazard because of its nature and location (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 71-72 [1st Dept 2004]).
The court correctly found that there was an issue of fact as to whether Stagecoach was responsible for the alleged hazardous condition of the empty tree well and tree guard based on its course of conduct, and whether it entirely displaced defendant landowner Acadia Realty Limited Partnership's obligation to maintain the area in a reasonably safe condition (see Arias v Sanitation Salvage Corp., 199 AD3d 554, 556 [1st Dept 2021]; Abramson v Eden Farm, Inc., 70 AD3d 514 [1st Dept 2010]).
Because there is an issue of fact as to Stagecoach's and Acadia's negligence, the court also correctly denied that branch of Stagecoach's motion for summary judgment on its cross claims against Acadia for common-law and contractual indemnification and
dismissing Acadia's cross claims against it (see Shala v Park Regis Apt. Corp., 192 AD3d 607, 608 [1st Dept 2021]; Correia v Professional Data Mgt., 259 AD2d 60, 65 [1st Dept 1999]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022