Heredia v C.S. Realty Assoc. LLC (2023 NY Slip Op 03195)

Heredia v C.S. Realty Assoc. LLC

2023 NY Slip Op 03195

Decided on June 13, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 13, 2023

Before: Oing, J.P., Singh, Moulton, Scarpulla, Shulman, JJ. 

Index No. 300550/16 Appeal No. 441-442 Case No. 2022-02106, 2022-05736 

[*1]Yani Heredia, Plaintiff-Respondent,
v
C.S. Realty Associates LLC et al., Defendants-Appellants-Respondents, MBM Optical, Inc., et al., Defendants, Eyes & Optics Encounter, Inc., Defendant-Respondent-Appellant.
C.S. Realty Associates LLC et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Eyes & Optics Encounter, Inc., Third-Party Defendant-Respondent-Appellant.

Cartafalsa, Turpin & Lenoff, New York (Gail P. Pariser of counsel), for appellants-respondents.
Cascone & Kluepfel, LLP, Farmingdale (Howard B. Altman of counsel), for respondent-appellant.
Mitchell Dranow, Sea Cliff, for respondent.

Orders, Supreme Court, Bronx County (Andrew J. Cohen, J.), entered on or about April 7, 2022, which denied defendants/third-party plaintiffs C.S. Realty Associates LLC (C.S.) and Sutton Management Corp.'s (Sutton) (collectively, property defendants) motion for summary judgment dismissing the complaint as against them and for summary judgment on their cross-claims/third-party claims against defendant/third-party defendant Eyes & Optics Encounter, Inc. (E&O) for common-law and contractual indemnification, granted property defendants summary judgment on their cross-claim/third-party claim against E&O for breach of contract for failure to procure insurance, and granted E&O's motion for summary judgment dismissing the complaint as against it and property defendants' cross-claims/third-party claims for common-law indemnification and contribution, unanimously affirmed, without costs.
Plaintiff alleges that she slipped and fell on oil on the sidewalk in front of the property owned by C.S. and managed by Sutton. E&O was the commercial tenant occupying the ground floor of the building. It is undisputed that the oil was from a nearby food vendor cart.
The court correctly denied property defendants summary judgment dismissing the complaint because they failed to make a prima facie showing that they did not have constructive notice of the oily condition that caused plaintiff's accident (see generally Gordon v American Museum of Natural History, 67 NY2d 836 [1986]). The testimony of E&O's owner regarding E&O's general sidewalk maintenance procedures, by itself, was insufficient to satisfy their burden (see Smith v Montefiore Med. Ctr., 192 AD3d 609, 610 [1st Dept 2021]; Clarkin v In Line Rest. Corp., 148 AD3d 559, 560 [1stDept 2017]). Further, Sutton is not relieved of liability as a matter of law, as the record is unclear as to whether Sutton, as the property manager, had undertaken obligations with respect to the sidewalk that entirely displaced defendant C.S.'s statutory duty to maintain the sidewalk in a reasonably safe condition under Administrative Code of City of NY § 7-210 (see Healy v 169 E. 69th St. Corp., 189 AD3d 680, 680-681 [1st Dept 2020]; Abramson v Eden Farm, Inc., 70 AD3d 514, 514 [1st Dept 2010]).
It is clear, however, that E&O obligations with respect to the maintenance of the sidewalk pursuant to its lease was not so comprehensive and exclusive as to have displaced C.S.'s statutory duty (cf. Healy, 189 AD3d at 680-681; Abramson, 70 AD3d at 514). Without entirely displacing the owner's duty, E&O's obligation under its lease to clean the sidewalk did not create a legal duty to plaintiff (see Choudhry v Starbucks Corp., 213 AD3d 521, 522-523 [1st Dept 2023]), and absent a showing that E&O created or exacerbated the dangerous condition or made special use of the sidewalk, the court correctly granted E&O summary judgment dismissing the complaint against it (see Kellogg v All Sts. Hous. Dev. Fund Co., Inc., 146 AD3d 615, 617 [1st Dept 2017]; [*2]Collado v Cruz, 81 AD3d 542, 542 [1st Dept 2011]).
As to property defendants' cross-claims/third-party claims against E&O for common-law indemnification and contribution, the court correctly denied property defendants summary judgment on those claims and granted E&O's summary judgment dismissing the claims, given the lack of evidence of negligence on E&O's part and triable issues of fact as to property's defendant's negligence (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 377-378 [2011]; Martins v Little 40 Worth Assoc., Inc., 72 AD3d 483, 484 [1st Dept 2010]).
Supreme Court correctly denied property defendants' summary judgment on their cross-claim/third-party claim for contractual indemnification. Although plaintiff's accident occurred on the sidewalk and not the demised premises, which falls the scope of the indemnification provision in its lease, property defendants failed to show prima facie that an act or omission of E&O caused the hazardous condition and their own freedom from fault (see Lexington Ins. Co. v Kiska Dev. Group LLC, 182 AD3d 462, 464 [1st Dept 2020]). We decline E&O's invitation sought for the first time on appeal to search the record and grant it summary judgment dismissing the cross-claim/third-party claim for contractual indemnification.
Finally, the court correctly granted property defendants summary judgment on their cross-claim/third-party claim for breach of contract for failure to procure insurance. They established prima facie that the lease agreement with E&O contained an insurance procurement provision, and E&O failed to raise an issue of fact by submitting its insurance policy or any proof showing that it had complied with the insurance procurement requirement (see Benedetto v Hyatt Corp., 203 AD3d 505, 506 [1st Dept 2022]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 13, 2023