| |
|---|
| **Rodney v City of New York** |
| 2024 NY Slip Op 30546(U) |
| February 21, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 151538/2017 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**      **HON. HASA A. KINGO**<br>*Justice* | **PART**      **05M** |

-----------------------------------------------------------------------------X

ANGELA RODNEY,

                Plaintiff,

        - v -

CITY OF NEW YORK, NEW YORK CITY HOUSING
AUTHORITY, POLO GROUNDS MEAT CORP.,

                Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151538/2017 |
| **MOTION DATE** | 02/22/2023 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99

were read on this motion for                 JUDGMENT - SUMMARY         .

      With the instant motion, defendant POLO GROUNDS MEAT CORP. ("defendant") moves, pursuant to CPLR § 3212, for summary judgment and an order dismissing plaintiff ANGELA RODNEY's ("plaintiff") complaint as against it. Defendant also seeks the dismissal of cross-claims filed by defendant CITY OF NEW YORK as against it. Plaintiff opposes the motion.

## BACKGROUND AND ARGUMENTS

      Plaintiff filed this lawsuit to seek recovery for personal injuries allegedly sustained in a trip-and-fall accident that occurred on March 5, 2016, on a sidewalk located in front of Fine Fare Supermarket at 2927 Frederick Douglas Blvd., New York, NY.

      Defendant asserts its entitlement to summary judgment and the dismissal of plaintiff's complaint. The basis for this lies in defendant's argument that it neither caused nor created the complained-of condition, and did not engage in any special use of the public sidewalk where the alleged accident occurred. Additionally, defendant contends that the relevant portion of the administrative code implicated here (N.Y.C Admin. Code § 7-210) does not apply to it as defendant is a tenant. Consequently, defendant submits that plaintiff's complaint against it must be dismissed as a matter of law.

      Likewise, defendant seeks dismissal of the cross-claims filed by defendant CITY OF NEW YORK. These cross-claims, which seek contribution, common-law indemnification, and contractual indemnification, are contested by defendant on the grounds that it did not owe any duty, whether statutory or otherwise, to plaintiff. Furthermore, defendant argues that it is not obligated to indemnify defendant CITY OF NEW YORK based on the terms of its lease agreement with defendant NEW YORK CITY HOUSING AUTHORITY.

151538/2017   RODNEY, ANGELA vs. CITY OF NEW YORK
Motion No. 002

Page 1 of 6

[* 1]

In response, plaintiff introduces a novel liability theory for the first time in opposition to defendant's motion, contending that the sidewalk adjacent to defendant was initially in excellent condition in 2009. However, plaintiff argues that subsequently, it rapidly deteriorated and developed cracks coinciding with the construction by defendant of a substantial garbage and recycling station on the sidewalk. As per plaintiff's explanation, this garage and recycling station featured vending machines where individuals could deposit bottles and cans, receiving a voucher for use inside the supermarket in return. The garage and recycling station also included sizable enclosures for substantial metal dumpsters that, as claimed by plaintiff, would be regularly maneuvered directly across the sidewalk.

Plaintiff asserts that the initial construction and continuous operation of the garbage and recycling station raise a factual issue under the "cause and create" and "special use" doctrines. Consequently, plaintiff suggests that it seems probable that defendant's contractors caused damage to the sidewalk through poorly executed work during the installation of the garbage and recycling station. Additionally, plaintiff argues that the accelerated deterioration of the sidewalk resulted from the increased weight attributed to the constant movement of metal dumpsters in and out of enclosed bays. In summary, plaintiff contends that defendant does not refute "cause and create" or "special use," thereby necessitating the need for this court to deny defendant's motion in its entirety.

In reply, defendant reiterates the arguments advanced in its moving papers, and challenges the arguments put forward by plaintiff in opposition. Notably, defendant highlights that plaintiff improperly asserts, for the first time, new theories of liability in opposition to defendant's motion for summary judgment – namely, that the subject sidewalk could have been damaged as a result of either the installation of defendant's garbage and recycling station or the movement of dumpsters from the station over the sidewalk. Likewise, defendant underscores that plaintiff's speculative arguments are devoid of reference to admissible evidence that could raise a genuine factual issue requiring the denial of its application. As such, defendant restates that summary judgment dismissal of plaintiff's complaint and all cross-claims against it is appropriate.

## DISCUSSION

To grant summary judgment, it must clearly appear that no material triable issue of fact is presented (*see Alvarez v. Prospect Hosp.*, 68 NY2d 320 [1986]). The burden on the court in deciding this type of motion is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist (*see Barr v. Albany County*, 50 NY2d 247 [1980]; *Miller v. Journal-News*, 211 AD2d 626 [2d Dept 1995]). It is the existence of an issue, not its relative strength, that is the critical and controlling for the court's consideration when making its determination (*see Barrett v Jacobs*, 255 NY520 [1931]).

However, where a party is otherwise entitled to judgment as a matter of law, an opposing party may not simply raise a feigned issue of fact to defeat the claim. To be a "material issue of fact" it "must be genuine, bona fide and substantial to require a trial" *(Leumi Financial Corp. v. Richter*, 24 AD2d 855 [1st Dept 1965]). Indeed, summary judgment is properly granted when the opponent of the motion raises only feigned issues of fact (*see Harty v Lenci*, 294 AD2d 296, 298

151538/2017   RODNEY, ANGELA vs. CITY OF NEW YORK
Motion No.  002

Page 2 of 6

[* 2]

[1st Dept 2002]; *see also Telfeyan v City of New York*, 40 AD3d 372, 373 [1st Dept 2007]; *Karwowski v New York City Transit Authority*, 44 AD3d 826 [2d Dept 2007]).

Administrative Code § 7-210 provides, as relevant here, that:

> the owner of real property abutting any sidewalk ... shall be liable for any injury to property or personal injury, including death, proximately caused by the failure of such owner to maintain such sidewalk in a reasonably safe condition. Failure to maintain such sidewalk in a reasonably safe condition shall include, but not be limited to, the negligent failure to install, construct, reconstruct, repave, repair or replace defective sidewalk flags ...( N.Y.C Admin. Code § 7-210[b]).

In accordance with the foregoing, owners of otherwise exempt property under Administrative Code § 7-210 remain liable for injuries caused by defective sidewalks if they caused or created a dangerous condition thereon or derived a special use from the public sidewalk (*Meyer v City of New York*, 114 AD3d 734, 734-735 [2d Dept 2014] [court granted motion by defendants for summary judgment on grounds that the property was exempt under § 7-210 and because they established that they neither created the condition alleged to have caused plaintiff's accident nor did they derive a special use from the public sidewalk.]).

"The doctrine of special use imposes an obligation on the abutting landowner or occupier to maintain a public sidewalk in a reasonably safe condition to avoid injury to others, where it puts part of the sidewalk to a special use for its own benefit and that part of the sidewalk is subject to its control" (*Beda v City of New York*, 4 AD3d 317 [2d Dept 2004]). In *Beda*, the court found that the tenant's use of a metal ventilation plate on the sidewalk in front of its store was a special use by the tenant but not by the landlord, since the tenant was in exclusive possession and control of the area of the sidewalk which contained the metal plate and the lessor did not benefit from the metal plate (*see id*.).

Thus, as is the case with any action sounding in premises liability, an owner of real property abutting a public sidewalk or tenant is now liable if it is proven that he or she created the dangerous condition, had prior actual or constructive notice of its existence (*Weinberg v 2345 Ocean Associates, LLC*, 108 AD3d 524, 525 [2d Dept 2013]; *Anastasio v Berry Complex*, LLC, 82 AD3d 808, 809 [2d Dept 2011]), or enjoyed a special use of the public sidewalk (*Terilli v Peluso*, 114 AD3d 523, 523 [1st Dept 2014]; *Rodriguez v City of Yonkers*, 106 AD3d 802, 803 [2d Dept 2013]). As in any case premised on the negligent maintenance of real property, it is well settled that a prerequisite for the imposition of liability for a dangerous condition within, or, on real property, is a defendant's occupancy, ownership, control or special use of the premises (*Balsam v Delma Engineering Corporation*, 139 AD2d 292, 296-297 [1st Dept 1998]; *Hilliard v Roc-Newark Assoc.*, 287 AD2d 691, 693 [2d Dept 2001]). Absent evidence of ownership, occupancy, control, or special use, liability cannot be imposed (*Balsam*, 139 AD2d at 297, *supra*).

Here, defendant has made a prima facie showing that it neither caused nor created the raised crack upon which plaintiff allegedly tripped and fell. Indeed, defendant has established that: 1.) it never hired any contractors to perform work on the sidewalks abutting the subject property; and

151538/2017   RODNEY, ANGELA vs. CITY OF NEW YORK
Motion No.  002

Page 3 of 6

[* 3]

2.) did not make any repairs to the sidewalks. Instead, defendant has proffered evidence in support of its prima facie showing that the Housing Authority was responsible for making any sidewalk repairs. Inasmuch as the alleged dangerous and defective sidewalk condition did not result from any act or omission of defendant, it cannot be held liable for plaintiff's injuries under the cited exception (*see Garcia v City of New York*, 99 AD3d 491, 492 [1st Dept 2012]). Indeed, as a tenant, defendant may not be held liable for a failure to maintain the abutting sidewalk unless it "affirmatively caused or created the defect that caused plaintiff to trip" or "put the subject sidewalk to a special use for its own benefit, thus assuming a responsibility to maintain the part used in reasonably safe condition" or its "lease was so comprehensive and exclusive as to sidewalk maintenance as to entirely displace the landowner's duty to maintain the sidewalk" (*Abramson v Eden Farm, Inc.*, 70 AD3d 514, 514 [1st Dept 2010]; *Kellogg v All Sts. Hous. Dev. Fund Co., Inc.*, 146 AD3d 615, 617 [1st Dept 2017]). Defendant has affirmatively shown here that it did not create the alleged defect that caused plaintiff's fall. Moreover, defendant has demonstrated that it did not assume responsibility to maintain the sidewalk to displace the owner's duty. As such, defendant has made a requisite prima facie showing that it is entitled to judgment in its favor on this issue.

Likewise, defendant has made a prima facie showing that it did not make any "special use" of the sidewalk where the accident allegedly occurred. Critical to this court's finding that defendant has made a prima facie showing here on this topic is the fact that defendant's garbage and recycling station, even if conceded to be a "special use" of the sidewalk, did not extend to the area where plaintiff's alleged injuries occurred (*see McGee v. City of New York*, 252 AD2d 483 [2d Dept 1998][finding no obligation on the part of the defendant to maintain the sidewalk beyond the confines of the special use]). Defendant references admissible testimony, maps, and video evidence to underscore this point. To be sure, it is undisputed that plaintiff's accident occurred in the middle of the sidewalk, away from the garbage and recycling station and, thus, defendant did not owe plaintiff a duty of care (*id.; see also Abramson v Eden Farm, Inc.*, 70 AD3d 514, 514 [1st Dept 2010]; *Gary v 101 Owners Corp.*, 89 AD3d 627, 628 [1st Dept 2011]). As such, plaintiff cannot rely upon this exception to hold defendant liable.

In addition, tort liability against a party in defendant's shoes cannot be predicated upon an alleged violation of Administrative Code § 7-210. To be sure, it is undisputed here that the property adjoining the sidewalk where plaintiff fell is owned by the Housing Authority, not defendant. As such, the code provision, on its face, is not applicable to defendant, and could only be applied under limited circumstances that are not present here for the reasons articulated.

Finally, defendant has established here that summary judgment dismissal of defendant CITY OF NEW YORK's cross-claims against it for contribution and common law and contractual indemnification is appropriate as well. First, as previously articulated, common-law contribution or indemnification cannot be established here due to the absence of a duty potentially owed to plaintiff, statutory or otherwise. In the absence of such a duty, there can be no finding of negligence as against defendant (*see Darby v. Compagnie Nat'l Air France*, 96 NY2d 343, 347 [2001]["A finding of negligence may be based only upon the breach of a duty. If, in connection with the acts complained of, the defendant owes no duty to the plaintiff, the action must fail."]). Here, in the absence of a duty, summary judgment dismissal of defendant CITY OF NEW YORK's cross-claims against defendant for common-law contribution and indemnification is appropriate.

151538/2017   RODNEY, ANGELA vs. CITY OF NEW YORK
Motion No. 002

Page 4 of 6

4 of 6

Second, contractual indemnification may be found where the "intention to indemnify can be clearly implied from the language and purposes of the entire agreement and the surrounding facts and circumstances" (*Drzewinski v. Atl. Scaffold & Ladder Co., Inc.*, 70 NY2d 774, 777 [1987]). It therefore follows that, "[w]hen a party is under no legal duty to indemnify, a contract assuming that obligation must be strictly construed to avoid reading into it a duty which the parties did not intend to be assumed" (*Hooper Associates, Ltd. v. AGS Computers. Inc.*, 74 NY2d 487 [1989]). Here, defendant's lease with the Housing Authority did not require defendant to indemnify defendant CITY OF NEW YORK. Indeed, defendant CITY OF NEW YORK was not named or identified as an indemnitee in the lease agreement's indemnification provision, which is fatal to its claim (*see, e.g., Jones v. Rochdale Village, Inc.*, 96 AD3d 1014, 1018 [2d Dept 2012][dismissing the cross-claim for contractual indemnification as the subject agreement did not require the movant to indemnify the co-defendant]). Defendant CITY OF NEW YORK has not alleged that it was a third-party beneficiary of the indemnification agreement. Accordingly, summary judgment dismissal of defendant CITY OF NEW YORK's cross-claims against defendant for contractual indemnification is appropriate.

Notably, in opposition to defendant's prima facie showings, plaintiff fails to raise triable issues of fact that would warrant denial of defendant's motion. To be sure, it is undisputed by the admissible evidence in the form an screenshot image taken from the video footage depicting the exact moment when plaintiff fell that the accident occurred next to a tree well, away from defendant's garbage and recycling station, which is located in the top right-hand corner of the image. The video footage, which was viewed by all parties during the deposition of Ramon Corona on behalf of defendant, was authenticated as a "fair and accurate depiction" of the accident location as it existed in March 2016 (*see People v. Patterson*, 93 NY2d 80, 84 [1999][a videotape may be authenticated by the testimony of a witness to the events recorded therein]). Likewise, the events depicted in the video footage are confirmed by plaintiff's own deposition testimony (*see Patterson*, 93 NY2d at 84, *supra*).

The inadequacies in plaintiff's opposition are underscored by the mere speculation presented, including the suggestion that the sidewalk in question may have incurred damage either due to the installation of defendant's garbage and recycling station or the movement of dumpsters from said station across the sidewalk. Importantly, plaintiff failed to expressly plead these theories in both the complaint and her verified bill of particulars (*See Troia v. City of New York,* 162 AD3d 1089, 1092 [2d Dept 2018][a plaintiff cannot defeat an otherwise proper motion for summary judgment by asserting, for the first time in opposition to the motion, a new theory of liability that was not pleaded in either the complaint or bill of particulars]). Significantly, during the deposition conducted on behalf of defendant, Ramon Corona was conspicuously not questioned about the dumpsters or the installation of the station. This omission serves to underscore that these newly asserted theories were not contemplated until after the initiation of the present summary judgment application.

Even if that were not the case, plaintiff's new theories of liability are improperly before the court as they lack a foundation through the presentation of evidence in admissible form, and are solely based on speculation (*see Kane v. Estia Greek Rest., Inc.*, 4 AD3d 189, 190 [1st Dept 2004][ stating that rank speculation is no substitute for evidentiary proof in admissible form that is required to establish the existence of a material issue of fact and, thus, defeat a motion for summary

**151538/2017  RODNEY, ANGELA vs. CITY OF NEW YORK**                                              **Page 5 of 6**
**Motion No.  002**

5 of 6

[* 5]

judgment]). Indeed, plaintiff's speculative arguments are supported by nothing more than an attorney's affirmation, which is insufficient to defeat a motion for summary judgment (Kelly v. Rubin, 224 AD2d 262 [1st Dept 1996][speculative theories of negligence offered in an attorney's affirmation are without evidentiary value]).

Accordingly, as defendant did not owe plaintiff a duty of care under the circumstance presented, and as plaintiff has failed to rebut defendant's prima facie showings, it is axiomatic that summary judgment dismissal of plaintiff's complaint and all cross-claims against defendant, is warranted. Considering the foregoing, it is hereby

ORDERED that the motion for summary judgment of defendant POLO GROUNDS MEAT CORP. is granted and the complaint is dismissed against it; and it is further

ORDERED that the cross-claims against defendant POLO GROUNDS MEAT CORP. by defendant CITY OF NEW YORK are dismissed; and it is further

ORDERED that the said claims and cross-claims against defendant POLO GROUNDS MEAT CORP. are severed and the balance of the action shall continue; and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of defendant POLO GROUNDS MEAT CORP. dismissing the claims and cross-claims made against it in this action.

This constitutes the decision and order of the court.

20240221105706HKINGOCFC890D2C974F11B0A192F28E5C7210

**2/21/2024**
**DATE**

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]